IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TERRANCE DALE WORTH                                                                                  PLAINTIFF

        v.                              Civil No. 1:13-cv-01045

LT. JAMES GREER; and
WHITNEY FOSTER                                                                                       DEFENDANTS

**<u>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Terrance Worth filed this case *pro se* pursuant to 42 U.S.C. § 1983 on May 9, 2013. ECF No. 1. Now before the Court is Plaintiff's failure to comply with the Court's orders and prosecute this matter.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.    BACKGROUND**

At the time Plaintiff filed his Complaint, he was incarcerated in the Union County Detention Center in El Dorado, Arkansas ("UCDC"). On May 9, 2013, the Court entered an Order directing Plaintiff's Complaint be filed and granting his application to proceed *in forma pauperis* in this matter. ECF No. 3. In this Order, Plaintiff was advised that failure to inform the Court of any address change may result in the dismissal of this case.

On May 17, 2013, the Court received Plaintiff's file marked copy of the May 9, 2013 Order returned as undeliverable and marked "Released." On May 22, 2013, upon its own research, the

Court located Plaintiff's home address provided to the UCDC when he was booked. The Court changed Plaintiff's address of record to this home address. The Court also resent the May 9, 2013 Order to this home address. The Court did not receive any of this mail sent to Plaintiff's home address returned as undeliverable.

On November 5, 2013, Defendants filed a Notice of Returned Mail. ECF No. 11. In this Notice, Defendants state they sent Plaintiff discovery requests to his home address on September 20, 2013. The mailing was returned noting the Plaintiff "moved left no address unable to forward." ECF No. 11.

On May 9, 2014, Defendants filed a Motion to Dismiss based on Plaintiff's failure to keep the Court and Defendants informed of his current address. Plaintiff did not respond. Further, Plaintiff has not communicated with the Court since initially filing his Complaint in May 2013.

## II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with

2

orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**III.    DISCUSSION**

Plaintiff has failed to comply with the Court's May 9, 2013 Order (ECF No. 1) by keeping the Court informed of his current address. Additionally, Plaintiff has failed to prosecute this matter. Plaintiff has not communicated with the Court in approximately nineteen (19) months and has not pursued prosecuting his claims past filing his Complaint.

While the Plaintiff has failed to respond to two Court Orders and failed to keep the Court apprised of his current mailing address, the record here does not indicate a clear record of delay or contumacious conduct by the Plaintiff. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule

5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 27th day of January 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4